UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ELIZABETH MURRY,

    *Plaintiff*,

v.                                                   **Case No. SA-22-CV-0552-JKP-RBF**

ALLSTATE INSURANCE COMPANY,

    *Defendant*.

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is *Plaintiff's Motion to Remand to State Court* (ECF No. 16). Defendant opposes remand on a number of grounds. *See* ECF No. 17. The motion is ripe for ruling and for the reasons that follow the Court grants the motion.

This case has proceeded in an unusual manner. After Defendant removed it on May 27, 2022, *see* Notice of Removal (ECF No. 1), the parties filed an Agreed Motion to Remand to State Court (ECF No. 5), and filed an Irrevocable Stipulation of Damages and Maxim Amount of Judgment (ECF No. 5-1) dated June 21, 2022. The Court denied that motion, however, because it "appear[ed] that the parties [we]re merely seeking an order to remand this case based upon their agreement to remand," and courts "cannot remand a case simply because the parties have come to an understanding after removal." *See* ECF No. 6 (second quotation attributed to *Mestas v. State Farm Mut. Auto. Ins. Co.*, No. EP-14-CA-00075-FM, 2014 WL 12874059, at *2 (W.D. Tex. Mar. 25, 2014) (citations omitted)).

Within two months of that denial, the assigned Magistrate Judge stayed the case pending disposition of a forthcoming motion to remand from Plaintiff. More than two months after entry of that stay, Plaintiff filed the instant motion. And as Exhibit A, she attaches a stipulation dated May 26, 2022, whereby she stipulates that neither she nor her attorney "will accept a judgment in

an amount that exceeds $75,000, including all penalties and attorneys' fees." The stipulation had been submitted to Plaintiff by defense counsel while the case was pending in state court. Despite the signed stipulation, Defendant removed the case to federal court on May 27, 2022, after Plaintiff amended her state petition on May 26, 2022, without filing the signed stipulation.

Defendant opposes remand on several grounds. ECF No. 17 at 1-4. First, it asserts that "Plaintiff cannot amend her Petition to destroy federal diversity after removal." *Id*. at 1. But Plaintiff has done no such thing. The only amendment in this case was done before removal.

Second, Defendant argues that "Plaintiff cannot argue on the one hand that she intends to seek an amount in controversy below the required amount in Federal Court, and on the other hand, seek damages in excess of the amount in controversy in Texas state court." *Id*. But that does not seem to be what she is doing.

Plaintiff's amended state petition indeed states that she "seeks monetary relief of less than SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) excluding interest, statutory or punitive damages and penalties, attorney's fees and costs." *See* ECF No. 1-6. Although such statement may provide a basis to recover in excess of $75,000, the jurisdictional amount necessary for diversity jurisdiction, Plaintiff has sought no specific sum of damages. Importantly, plaintiff does not seek $75,000 plus the other listed items – she seeks "less than" $75,000 plus those other listed items. Furthermore, although her amended state petition alleges bodily injury, property damage, and mental anguish, Plaintiff places no dollar amount on any aspect. And at the time of the motor vehicle accident, Plaintiff while driving a bus was struck by a Ford Ranger. Moreover, the stipulation she attaches to her present motion to remand eliminates the possibility that her recovery will exceed the jurisdictional amount by specifically limiting her recovery.

Defendant argues that Plaintiff cannot rely on the Irrevocable Stipulation (ECF No. 5-1) to demonstrate that diversity jurisdiction is improper because (1) that stipulation "was not exe-

cuted and/or returned until after the case had been removed to this Court"; (2) Plaintiff had failed to file the stipulation with her state petition; and (3) the Court cannot remand a case merely because the parties reach an agreement after removal. *See* ECF No. 17 at 1-2. As support for the first argument, Defendant cites to an email (ECF No. 1-3). But the cited email string shows emails dated before removal on May 27, 2022. *See* ECF No. 1-3. Moreover, Plaintiff is not relying on the Irrevocable Stipulation (ECF No. 5-1) that accompanied the agreed motion to remand. She instead attaches a stipulation to her current motion to remand that shows it was signed before removal. *See* ECF No. 16 (attached confirmation of a stipulation dated May 26, 2022). In view of the timing of that agreement, i.e., before removal, there appears to be no issue about remanding based upon a post-removal agreement.

And while Plaintiff had not filed the now submitted stipulation with her amended state petition or before Defendant removed the state action, it is clear that, at the behest of Defendant, Plaintiff was in the process of obtaining such signed stipulation prior to removal. And, based on the submitted stipulation, signed May 26, 2022, the day before removal, it appears that Plaintiff had indeed entered into such stipulation, but had not yet had an opportunity to file it. Notably, Defendant does not now contest that Plaintiff entered the stipulation prior to removal. It argues only that she has submitted it after removal.

Defendant also opposes remand on grounds that it is clear from Plaintiff's amended petition that she seeks damages in excess of $75,000 "because she seeks to recover statutory damages, punitive damages, penalties, and attorney's fees." ECF No. 17 at 2. It also points out that "Plaintiff alleges several extra-contractual claims" which are treated differently than her contractual claims, and thus increases her damages. *Id*. at 2-3. It further argues that the value of her alleged declaratory judgment is the value of the underlying claim, not the face amount of the policy. *Id*. at 3. It concludes that it has carried its burden to show by a preponderance of the evidence

that the amount in controversy exceeds $75,000, and that Plaintiff has not shown by a legal certainty that the amount in controversy is less than $75,000. *Id.*

This Court previously considered many of the matters raised herein. *See Medina v. Allstate Vehicle & Prop. Ins. Co.*, 458 F. Supp. 3d 591, 593-601 (W.D. Tex. 2020). The Court need not go into the detail that it did in *Medina* to grant Plaintiff's motion and remand this case. Suffice to say, Defendant has not carried its burden. It does not recognize that Plaintiff's amended state petition seeks "less than" $75,000 plus listed items. Defendant relies solely on the face of the state petition in its effort to carry its burden. But it is not apparent from the face of the petition that Plaintiff's claims are likely to exceed $75,000.

While it is not crucial to that determination, the fact that Plaintiff asserts extra-contractual claims does not increase the likelihood to exceed the jurisdictional amount. This is so, because in actions like this one alleging uninsured or underinsured motorist coverage, a declaratory judgment of liability is a prerequisite to related or consequential causes of action and such other claims are not ripe. *See Blazejewski v. Allstate Fire & Cas. Ins. Co.*, No. SA-21-CV-00700-JKP, 2021 WL 4204148, at *1-3 (W.D. Tex. Sept. 15, 2021); *Vasquez v. Allstate Fire & Cas. Ins. Co.*, No. SA-20-CV-01300-JKP, 2021 WL 67214, at *1-3 (W.D. Tex. Jan. 6, 2021); *Ibarra v. Allstate Fire & Cas. Ins. Co.*, No. SA:20-CV-00280-JKP, 2020 WL 3259806, at *1-3 (W.D. Tex. June 16, 2020). This Court lacks jurisdiction over unripe claims. And such claims provide no means to increase the amount in controversy.

As in *Medina*, Defendant has at most "shown that the state court petition was ambiguous at the time of removal," which, not only, "is construed against removal and in favor of remand," but "would permit the Court to consider the post-removal stipulation to the extent it relates to the jurisdictional facts at the time of removal." *Medina*, 458 F. Supp. 3d at 601. While the Irrevocable Stipulation may not be tailored to facts at the time of the removal, there is no question that

4

the stipulation dated May 26, 2022, relates to the pre-removal time period. On the preponderance of the evidence, Defendant has not shown that the amount in controversy is likely to exceed $75,000.

For the foregoing reasons, the Court **GRANTS** *Plaintiff's Motion to Remand to State Court* (ECF No. 16). By separate order, the Court will remand this case to the 225th Judicial District Court of Bexar County, Texas, Cause Number 2022-CI-107171.

**IT is so ORDERED this 15th day of December 2022.**

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**